451 A.2d 560

**Richard CORKELL and Mary Corkell, Appellants,**

**v.**

**William GAEBEL and Virginia Gaebel.**

Superior Court of Pennsylvania.

Argued April 5, 1982.

Filed Oct. 8, 1982.

Petition for Allowance of Appeal Denied Feb. 15, 1983.

338

William Emil Molchen, II, Coatesville, for appellants.
Kevin J. Ryan, West Chester, for appellees.

Before HESTER, CAVANAUGH and CIRILLO, JJ.

PER CURIAM:

Presently before the court is appellants' Richard and Mary Corkell (hereinafter Corkell), appeal from the order of the lower court dated September 4, 1981, wherein appellees' petition to open judgment was granted.[1]

We affirm in part and modify in part.

The instant litigation between the parties had its genesis in January of 1980 when the appellees, William Gaebel and

1. The text of the appealed-from order dated September 4, 1981, provides: The Petition to Open Judgment is hereby GRANTED. The plaintiffs' Complaint is STRICKEN, without prejudice to their right to plead over within twenty (20) days of this date. This judge shall retain jurisdiction of this case and its companions. BY THE COURT: s/ Robert S. Gawthrop, III.

Virginia Gaebel (hereinafter Gaebel), filed a landlord and tenant complaint before a Justice of the Peace against the appellants seeking rental arrearages and possession of the premises. In response, appellants filed a cross-claim seeking the refund of all rents previously paid, upon the legal theory of appellees' alleged breach of the implied warranty of habitability. Following hearing, the District Justice entered judgment for the Gaebels (the landlords) on the original landlord and tenant complaint and also entered judgment for the Gaebels on appellants' cross-claim. Thereafter, appellants filed a notice of appeal and praecipe to enter rule to file a complaint upon the Gaebels.

As a result of Gaebels' failure to timely file a complaint pursuant to appellants' rule, appellants entered judgment of non pros against the Gaebels on Gaebels' original landlord and tenant complaint. Not wholly satisfied with that result, however, appellants filed a complaint on their original warranty of habitability cross-claim which they denominated "in assumpsit and trespass", containing six (6) counts and 63 paragraphs with 29 pages of exhibits. (As the lower court noted, the document was forty pages long.)

Following service upon the Gaebels and their failure to timely file a responsive pleading, and following notice pursuant to Pa.R.C.P. 237.1, appellants praeciped for judgment by default on May 6, 1980.

On July 15, 1980, appellees filed a petition with supporting brief to open default judgment. On July 17, 1980, the court issued the rule upon the appellants to show cause why the default judgment should not be opened. Following the filing of appellants' answer and brief in opposition thereto, the lower court issued the appealed-from order. Thereafter, appellants brought the instant appeal.

■ As we ofttimes have stated, the lower court's action in opening or refusing to open a judgment taken by default lies within the discretion of the lower court and we will neither substitute our judgment for that of the lower court nor reverse the action of the lower court absent a manifest abuse of discretion or an error of law. (Citations omitted).

■ A review of the entire record convinces us that the lower court committed neither an abuse of its discretion nor an error of law when it issued the appealed-from order.

It is obvious that the lower court was satisfied, as we are, that appellees' petition to open judgment was timely filed; that appellees had a reasonable excuse for their delay in filing a responsive pleading to appellants' complaint; and, as applicable only in actions in assumpsit, a meritorious defense may exist.

We also concur with the lower court's finding that appellants' failure to strictly comply with Pa.R.C.P. 1020(d) created confusion and constitutes an additional reason to afford the appellees the opportunity to defend this action on its merits.

For the foregoing reasons, we affirm the order of the lower court wherein appellees' petition to open judgment was granted. However, we modify that portion of the appealed-from order wherein appellants' complaint was stricken, and in lieu thereof grant appellants twenty (20) days leave to file a first amendment to its complaint in assumpsit and trespass in conformity of Pa.R.C.P. 1020(d).

Order affirmed in part and modified in part.